UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE 2ND CIVIL COURT OF INTELLECTUAL AND INDUSTRIAL PROPERTY RIGHTS IN ANKARA, TURKEY | No. 24-mc-080102-WHA<br><br>**ORDER GRANTING *EX PARTE* APPLICATION PURSUANT TO 28 U.S.C. § 1782** |

### INTRODUCTION

Petitioner United States of America filed an *ex parte* application to order discovery on behalf of a court in Ankara, Turkey, pursuant to 28 U.S.C. § 1782. To the extent stated herein, the *ex parte* application is **GRANTED**.

### STATEMENT

The 2nd Civil Court for Intellectual and Industrial Property Rights in Ankara, Turkey issued a letter of request to obtain information from Google, LLC, in connection with a judicial proceeding before the Turkish Court entitled *Turkish Radio Television Corporation v. Portakal Filmcilik Sanayi Ve Ticaret Limited Sirketi*, Ref. No. 2022/395. This civil action arises between two private parties in which the plaintiff seeks prevention and compensation for infringement of rights arising from the ownership of intellectual and artistic works. The plaintiff alleges that the defendant has improperly broadcast a program for which plaintiff

allegedly owns the publishing and other financial rights. Based on this allegedly improper broadcast, the plaintiff seeks compensation. This letter of request seeks information regarding how much income (if any) the plaintiff and the defendant earned from specific YouTube channels.

The letter of request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington, D.C. and was subsequently transmitted to the Attorney's Office for the Northern District of California. In April 2024, the Attorney's Office forwarded the Letter of Request to Google. Later that month, a representative from Google advised that Google does not produce requested information without a subpoena or court order (DeVito Decl. ¶ 5). The Attorney's Office has filed the instant *ex parte* application which recommends that the undersigned judge grant the application and issue an order to Google to produce the requested information (Dkt. No.1 Exh. 2). Lastly, in ordering that the *ex parte* application be reassigned to the undersigned judge, Magistrate Judge Sallie Kim also recommended that the undersigned grant this application.

## ANALYSIS

**1.    LEGAL STANDARD**

A district court has the authority to assist foreign and international tribunals in obtaining testimony and evidence. 28 U.S.C. § 1782(a). The statute states, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

*Ibid*. Section 1782 sets forth three threshold requirements to authorize this Court to provide such assistance: (1) the person or document for which discovery is sought resides or is found in this district; (2) the discovery is for use in a proceeding before a foreign or international

2

tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re Bayer AG*, 146 F.3d 188, 193 (3rd Cir. 1998).

A district court, however, has discretion in deciding to grant a § 1782 discovery application; a district court is "not required to grant a § 1782 discovery application simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). In deciding whether to exercise such discretion, the Supreme Court has laid out four factors for a district court to consider: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance," (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome." See *id*. at 264–265.

This discretion is also to be guided by the "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Request from Republic of Korea*, 2015 WL 1064790, *2 (N.D. Cal.) (Mar. 11, 2015) (Judge Laurel Beeler) (citing *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*., 376 F.3d 79, 84 (2nd Cir. 2004)).

2. **STATUTORY REQUIREMENTS MET**

Here, as noted by the Attorney's Office, all three threshold requirements are met. *First*, Google LLC is in Mountain View, California, and is therefore located in this district. *Second*, the Letter requesting discovery was made pursuant to proceedings in Turkey. *Third*, the Letter was issued by a Turkish court. As such, this Court is authorized to provide assistance.

3. **DISCRETION WEIGHS IN FAVOR OF GRANTING APPLICATION**

This order now turns to the four factors laid out in *Intel*. *First*, as noted by petitioner, Google is neither a party in this action nor is it under the Turkey's jurisdiction. However, without intervention from this Court, the records sought from the Turkish court cannot be

3

obtained.  *Second*, this tribunal is a civil action between two private parties.  Given that the Turkish Court has issued a Letter of Request, they are clearly receptive to this Court's assistance.  *Third*, that the Letter was sent from the Turkish court provides adequate assurances that the request is not an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or United States.  *Fourth*, the request is targeted and narrowly tailored, and therefore would not be unduly burdensome.  However, as noted by Judge Kim, should Google disagree upon being served with the subpoena, it may file a motion to quash and raise the issue at that time.

## CONCLUSION

In light of these four factors, this order finds it appropriate to **GRANT** the United States's application, appoints Assistant United States Attorney David M. DeVito as Commissioner, and authorizes him to obtain the requested information from Google, LLC.

**IT IS SO ORDERED.**

Dated:  June 18, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE